IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>and<br><br>STATE OF INDIANA<br><br>   Plaintiffs,<br><br>   v.<br><br>1500 South Tibbs LLC<br><br>   Defendant. | Case No. 1:24-cv-235 |

## COMPLAINT

The United States of America ("the United States"), by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the United States Environmental Protection Agency ("EPA"), and the State of Indiana ("State"), by the authority of the Attorney General of the State and through the undersigned attorneys, acting on behalf of the Indiana Department of Environmental Management ("IDEM"), file this complaint and allege as follows:

### NATURE OF ACTION

1. This is a civil action brought under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606, 9607(a), against 1500 South Tibbs LLC for performance of a remedial action and recovery of the United States' and the State's costs incurred or to be incurred in response to releases or threatened releases of hazardous

substances at or in connection with the Reilly Tar & Chemical Superfund Site (the "Site") located in Indianapolis, Indiana.

2. The United States and the State seek to recover certain unreimbursed costs incurred and to be incurred for response activities related to the release and threatened release of hazardous substances at the Site. The United States also seeks injunctive relief requiring that Defendant perform the selected remedy for the Site. Finally, the United States and State seek a judgment on liability for response costs at the Site that will be binding on any subsequent action or actions to recover further Site response costs under CERCLA, 42 U.S.C. § 9613(g)(2).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action, and the Defendant, under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613.

4. Venue is proper in this District under CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b) because the claims arose, and the threatened and actual releases of hazardous substances occurred, within this judicial district.

## PARTIES

5. Plaintiff, the United States of America, is acting at the request of EPA, an agency of the United States.

6. Plaintiff, the State of Indiana, is acting at the request of IDEM, an agency of the State.

7. Defendant, 1500 South Tibbs, is a corporation organized under the laws of Delaware.

## STATUTORY AUTHORITY

8. Where there is a release or threatened release of hazardous substances, CERCLA Section 107(a)(4)(A), 42 U.S.C. § 9607(a)(4)(A), authorizes the United States to recover all incurred costs of removal or remedial action (i.e., "response costs") to the extent such costs are not inconsistent with the National Contingency Plan ("NCP").

9. Under CERCLA Section 107(a), 42 U.S.C. § 9607(a), certain classes of "covered persons," or responsible parties, are strictly liable for the United States' response costs, including interest on those costs. Responsible parties under CERCLA include the current "owner and operator" of a "facility" and any person "who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of."

10. CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), provides, in pertinent part: "In any such action [for recovery of costs] . . . , the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages." The amounts recoverable include interest on the United States' response costs. 42 U.S.C. § 9607.

11. CERCLA Section 106(a), 42 U.S.C. § 9606, authorizes EPA to issue a unilateral administrative or judicial order requiring a responsible party to take actions to address "imminent and substantial endangerment to the public health or welfare or the environment" resulting from a release or threatened release of a hazardous substance.

## GENERAL ALLEGATIONS

### The Reilly Tar & Chemical Superfund Site

12. The Site is approximately 120 acres, located at 1500 South Tibbs Avenue in Indianapolis, Marion County, Indiana.

13. Since the 1920's the Site has been used for a variety of industrial processes including wood preserving operations from 1921-1972 on the southern end of the Site and chemical manufacturing operations on the northern end of the Site since the early 1950s. The southern end of the Site currently houses a solar farm.

14. Soils, sediments, and groundwater throughout the Site have been contaminated with chemicals including benzene, pyridine, and ammonia. Each of these chemicals are "hazardous substances" within the meaning of CERCLA. 42 U.S.C. §§ 9601(14) and 9607(a).

15. The Site is a "facility" within the meaning of 42 U.S.C. §§ 9601(9) and 9607(a) because it is a site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located.

16. There have been "releases" and "threatened releases" at the Site of hazardous substances within the meaning of 42 U.S.C. §§ 9601(22) and 9607(a), including of benzene, pyridine, and ammonia.

17. The releases and threatened releases at the Site have caused an imminent and substantial endangerment to the public health or welfare or the environment within the meaning of 42 U.S.C. § 9606.

18. The Site was proposed for addition to the National Priorities List in 1983 and was listed in 1984.

19. Pursuant to a 1987 Administrative Order on Consent, a previous owner of the Site, Reilly Industries, completed a Remedial Investigation for the Site in 1991. Five Operable Units (OUs) were created. The OUs are: OU1 (on-Site) and OU5 (off-Site) that address groundwater contamination, and OU2, OU3, and OU4 that are source control remedies addressing soil contamination on the Site.

20. On June 30, 1992, EPA issued a final Record of Decision for OU1 ("OU1 ROD"), pursuant to 42 U.S.C. § 9617, setting forth the selected remedy for the Site after opportunity for public comment. In the OU1 ROD, EPA selected an interim groundwater remedy that provided for containment of contamination at the Site boundary through groundwater extraction with discharge to an off-property Publicly Owned Treatment Works (POTW).

21. On September 30, 1993, EPA issued a final Record of Decision for OU2 ("OU2 ROD"), pursuant to 42 U.S.C. § 9617, setting forth the selected remedy for the Site after opportunity for public comment. The OU2 ROD provided the remedial action for certain areas of soil within the Site designated as "hot spots" of high contamination.

22. On September 27, 1996, EPA issued a final Record of Decision for OU3 and OU4 ("OU3 and OU4 ROD"), pursuant to 42 U.S.C. § 9617, setting forth the selected remedy for the Site after opportunity for public comment. The OU3 and OU4 ROD provided for a permeable soil or gravel cover over the Kickback Area at the southern portion of the Site (OU3) and installation of a concrete cover and soil vapor extraction (SVE) system to remediate volatile organic chemical (VOC) contamination in soil in the North Process Area (OU4).

23. On June 30, 1997, EPA issued a final Record of Decision for OU5 ("OU5 ROD"), pursuant to 42 U.S.C. § 9617, setting forth the selected remedy for the Site after opportunity for public comment. The OU5 ROD selected monitored natural attenuation and long-term monitoring for groundwater contamination off-Site.

24. Defendant, EPA, and the State entered into three Consent Decrees (prior Consent Decrees) with Reilly Industries Inc., at the Site to implement the remedies defined in the RODs and for the payment of Future Response Costs, as that term is defined therein. Those Consent

Decrees were entered in *United States of America v. Reilly Industries Inc.*, 93-cv-1045 (S.D. Ind. 1993).

25. On June 3, 2021, in accordance with Section 117 of CERCLA and 40 C.F.R § 300.430(f), EPA published notice of the completion of a Feasibility Study and of a proposed plan for remedial action for OU1 and provided an opportunity for written and oral comments from the public on the proposed plan for remedial action for OU1. On August 19, 2021, EPA issued a final Record of Decision for OU1 Amendment ("OU1 ROD Amendment") which selects an alternative remedial action, barrier biosparging, to be implemented at the Site.

### Site Ownership and Bankruptcy

26. Defendant is the current "owner" or "operator" of the Site and was the "owner" or "operator" of the Site at the time of a disposal of hazardous substances.

27. Ownership of the Site has changed many times. The original Potentially Responsible Party (PRP) for the Site was Reilly Tar & Chemical Company. Reilly Tar & Chemical was succeeded by Reilly Industries and then by Vertellus Specialties, Inc. as a matter of corporate liability.

28. Vertellus Specialties Inc. filed for Chapter 11 bankruptcy in the District of Delaware on May 31, 2016. The United States and several states, including the state of Indiana, joined the bankruptcy proceedings.

29. On September 27, 2016, the United States Bankruptcy Court for the District of Delaware approved a settlement agreement between EPA, several States, Vertellus Specialties, Inc. (the debtor), and the purchaser as part of the proceeding. The purchaser was Valencia Bidco or its designee. Under the terms of this settlement, the purchaser did not sign or otherwise become a party to the three Site CDs, but agreed to comply with the three Site CDs, including the

provisions requiring the maintenance of financial assurance. *See In re: Vertellus Specialties, Inc., et al.*, Case No. 16-11290 (CSS), Order Approving Settlement Agreement Among Debtors, Purchaser, the Committee, and the EPA in Connection with Sale of Substantially All of the Debtor's Assets (Bankr. D. Del. Oct. 14, 2016), Exhibit C (Sale Hearing Transcript), pp. 20-21.

30. Vertellus Integrated Pyridines was the designee of Valencia Bidco.

31. Vertellus Integrated Pyridines became known as Aurorium Indianapolis, LCC for a short time in 2023 but is now known as 1500 South Tibbs LLC.

32. The bankruptcy settlement agreement applied to the purchaser "or its designee" and therefore applies to 1500 South Tibbs and remains in force.

33. 1500 South Tibbs is the current owner of the entire Site.

**Liability**

34. 1500 South Tibbs is a "person" within the meaning of CERCLA, 42 U.S.C. § 9601(21).

35. Since 2023, 1500 South Tibbs has been an "owner" of the Site within the meaning of CERCLA §§ 101(20) and 107(a)(1), 42 U.S.C. §§ 9601(20) and 9607(a)(1).

36. Since 2016, 1500 South Tibbs or its predecessors have operated a speciality chemical manufacturing business upon the Site within the meaning of CERCLA §§ 101(20) and 107(a)(1), 42 U.S.C. §§ 9601(20) and 9607(a)(1).

37. Thus, 1500 South Tibbs is the owner and operator of a facility from which there was a release of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2).

**Response Costs**

38. Releases and threatened releases of hazardous substances from the Site have caused the incurrence of "response" costs within the meaning of CERCLA §§ 101(25) and 107(a), 42 U.S.C. §§ 9601(25) and 9607(a).

39. As of May 31, 2023, EPA has incurred at least $112,805.24 in unreimbursed response costs associated with the Site.

40. As of December 31, 2022, the State has incurred at least $21,061.53 in unreimbursed response costs associated with the Site.

41. The above-referenced response costs incurred by the United States and the State qualify as costs of "response" and "costs of removal or remedial action incurred by the United States Government or a State" under CERCLA Sections 101(25) and 107(a)(4)(A), 42 U.S.C. §§ 9601(25) and 9607(a)(4)(A).

42. The response costs and cost of removal that the United States and the State incurred for the Site were "not inconsistent with the national contingency plan" within the meaning of CERCLA §§ 101(31) and 107(a)(4)(A), 42 U.S.C. §§ 9601(31) and 9607(a)(4)(A).

43. The United States and the State may continue to incur response costs associated with the Site.

44. The amounts recoverable in an action under CERCLA Section 107(a)(4)(A), 42 U.S.C. § 9607(a)(4)(A), include statutory prejudgment interest on the response costs. Such interest accrues from the later of: (i) the date that payment of a specified amount is demanded in writing or (ii) the date of the expenditure concerned.

## CLAIMS FOR RELIEF

### First Claim for Relief
(Cost Recovery by the United States Under CERCLA Section 107, 42 U.S.C. § 9607)

45.     Paragraphs 1–44 are realleged and incorporated herein by reference.

46.     Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendant is liable to the United States for all costs incurred and to be incurred by the United States related to the Site, as well as enforcement costs and prejudgment interest on such costs.

### Second Claim for Relief
(Cost Recovery by the State under CERCLA Sections 107 and 113(g)(2))

47.     Paragraphs 1–44 are realleged and incorporated herein by reference.

48.     Pursuant to CERCLA Section 107(a) and 113(g)(2), 42 U.S.C. §§ 9607(a) and 9613(g)(2), Defendant is liable to the State for all costs incurred and to be incurred by the State related to the Site.

### Third Claim for Relief

49.     (Declaratory Judgment for Recovery of Further Response Costs by the United States)Paragraphs 1–44 are realleged and incorporated herein by reference.

50.     Under Sections 107(a) and 113(g) of CERCLA and the Declaratory Judgment Act, 42 U.S.C. §§ 9607(a) and 9613(g)(2), 28 U.S.C. §§ 2201-2202, Defendant is liable to the United States for any unreimbursed further response costs that the United States incurs in the future in connection with releases of hazardous substances at the Site, not inconsistent with the NCP.

### Fourth Claim for Relief
(Declaratory Judgment for Recovery of Further Response Costs by the State)

51.     Paragraphs 1–44 are realleged and incorporated herein by reference.

52. The Defendant is liable to the State for any unreimbursed further response costs that the State incurs in connection with releases of hazardous substances at the Site, not inconsistent with the NCP, pursuant to CERCLA §§ 107(a) and 113(g)(2), 42 U.S.C. §§ 9607(a) and 9613(g)(2).

**Fifth Claim for Relief**
(Injunctive Relief Under CERCLA Section 106, 42 U.S.C. § 9606)

53. Paragraphs 1–44 are realleged and incorporated herein by reference.

54. EPA has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual and threatened releases of hazardous substances, including benzene, pyridines, and ammonia into the environment at and from the Site.

55. Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), Defendant is subject to injunctive relief to abate the danger or threat presented by releases or threatened releases of hazardous substances into the environment at and from the Site.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

1. Enter judgment in favor of the United States and against the above-named Defendant for response costs incurred by the United States, including prejudgment interest, in connection with the above-described response actions relating to the Site;

2. Enter judgment in favor of the State and against the above-named Defendant for response costs incurred by the State in connection with the above-described response actions relating to the Site;

3. Enter a declaratory judgment of liability in favor of the United States and the State and against Defendant under CERCLA, 42 U.S.C. § 9613(g)(2), that will be binding on any subsequent action or actions to recover further response costs for the Site;

4. Order the Defendant to abate the conditions at the Site that may present an imminent and substantial endangerment to the public health or welfare or the environment;

5. Award the United States and State its costs of this action; and

6. Grant such other and further relief as the Court deems just and proper.

**FOR THE UNITED STATES OF AMERICA**

Dated: February 5, 2024

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
Washington, D.C. 20530

*/s/ Traci N. Cunningham*
TRACI N. CUNNINGHAM (Mo. Bar 71515)
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611
traci.cunningham@usdoj.gov

ZACHARY A. MYERS
United States Attorney
Southern District of Indiana

J. TAYLOR KIRKLIN
Assistant United States Attorney
United States Attorney's Office
10 W Market St, Suite 2100
Indianapolis, IN 46204
taylor.kirklin@usdoj.gov

OF COUNSEL:
Amanda Urban
Josh Zaharoff
EPA Region 5

**FOR THE STATE OF INDIANA**

THEODORE E. ROKITA
Attorney General for the State of Indiana
Attorney No. 18857-49


*/s/ Lydia Golten*
Lydia Golten
Deputy Attorney General
Attorney No. 36440-49
OFFICE OF ATTORNEY GENERAL TODD ROKITA
302 West Washington Street
Indiana Government Center South, 5th Floor
Indianapolis, IN  46204-2770
Telephone:  (317) 233-0926
Facsimile:   (317) 232-7979
E-mail:  Lydia.golten@atg.in.gov

## **CERTIFICATE OF SERVICE**

I certify that on this date I caused copies of the foregoing Complaint to be served on the following individuals by electronic mail:

For Settling Defendant:

Freedom Smith
Ice Miller LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Freedom.Smith@icemiller.com


Dated: February 5, 2024                    /s/ *Traci N. Cunningham*
                                           Traci Cunningham
                                           Trial Attorney
                                           United States Department of Justice
                                           Environmental Enforcement Section
                                           Environment & Natural Resources Division
                                           P.O. Box 7611
                                           Ben Franklin Station
                                           Washington, D.C. 20044
                                           (202) 598-0020
                                           Traci.Cunningham@usdoj.gov